MURDOCK, Judge,
concurring in the rationale in part and concurring in the result.
I concur with the analysis in the main opinion except as to the portion of that opinion titled “Condition Precedent.” Even as to that portion of the main opinion, I concur with the analysis presented, except as set forth below.
At one juncture, the main opinion states that
“we must also reject Hartford’s ‘condition precedent’ argument on other grounds. In Federal Insurance Co. v. I. Kruger, Inc., supra, our supreme court analyzed a clause similar to the one at issue in this case, which that court characterized as a ‘pay-when-paid clause.’ Our supreme court concluded that the clause at issue in that case was ‘merely a timing mechanism for the final payment under the subcontract,’ rather than a condition precedent to the subcontractor’s being paid. 829 So.2d [732] at 737 [ (Ala.2002) ]. Hartford argues that the pay-when-paid clause at issue in Federal Insurance Co. v. I. Kruger, Inc., supra, is distinguishable from the pay-when-paid clause at issue in this case, and, therefore, that the clause at issue in this case bars Cochran Plastering from recovering under the payment bond. We find an analysis of the two pay-iuhen-paid clauses to be unnecessary under the facts of this case ....”
935 So.2d at 468 (emphasis added). I disagree with the emphasized sentence. As the main opinion elsewhere indicates, and I agree, the clause at issue in the present case is similar to the one at issue in Federal Insurance Co. v. I. Kruger, Inc., 829 So.2d 732, 737 (Ala.2002), and I believe it is enough to conclude that the clause here is a timing clause, just as was the clause at issue in Kruger. It is on that basis that I concur in the result reached by the main opinion of rejecting Hartford’s “condition precedent” argument.
After positing that analysis of the two pay-when-paid clauses is unnecessary, the main opinion proceeds to justify its result by explaining that “ ‘the very purpose of a payment bond issued to guarantee payment to a subcontractor’ ” is “ ‘to “shift the ultimate risk of nonpayment from workmen and suppliers to the surety” ’ [Federal Insurance Co. v. I. Kruger, Inc.,] 829 So.2d at 736.” 935 So.2d at 468. That is true, but only if the general contractor is obligated in the first instance to make the payment in question. Accordingly, it would seem that it is only because the payment clause at issue here is not distinguishable from the payment clause in Kruger, and because we can determine as did the court in Kruger that the general contractor is obligated to make the payment in question, that we can conclude that the risk of not making that payment now lies with the surety.
CRAWLEY, P.J., concurs.